# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF ARKANSAS
# LITTLE ROCK DIVISION

KAMAL K. PATEL
REG. #56496-080                                                                                           PLAINTIFF

V.                              4:04CV00771 WRW/JTR

UNITED STATES OF AMERICA, et al.                                    DEFENDANTS

## ORDER

On September 29, 2006, the Court issued an Order ruling on several discovery disputes and directing Defendants to file Supplemental Responses to Plaintiff's Interrogatories, Request for Production, and Request for Admissions. *See* docket entry #127. Defendants timely filed their Supplemental Responses on October 27, 2006. *See* docket entries #134 and #135. Plaintiff has filed three Motions arguing that Defendants' Supplemental Responses are inadequate.[1] *See* docket entries #137, #138, and #139. Additionally, Plaintiff has filed: (1) a Motion to Compel Defendants to Supplement Their Response to His <u>Second</u> Set of Interrogatories and Request for Production; and (2) a Motion for Extension of Time to File His Response to Defendants' Motion for Summary Judgment. *See* docket entries #142 and #143 (emphasis added). Each Motion will be discussed separately.

---

[1] The captions of these three Motions are confusing and have resulted in the Motions being docketed incorrectly. Accordingly, the Court will instruct the Clerk to redocket each of the Motions.

### I. Plaintiff's Motion and Supplemental Motion to Require Defendants to Correct their Supplemental Responses to Plaintiff's Interrogatories and Request for Production

**A.    Interrogatories 1, 5, 6, 13, and 15 and Request for Production #11**

The Court concludes that Defendants' October 27, 2006 Supplemental Responses to these discovery requests comply with the instructions set forth in the Court's September 29, 2006 Order, and that Plaintiff's arguments for correction have no merit. *See* docket entries #127, #134, #137, and #138.

**B.    Interrogatory 7**

In Interrogatory 7, Plaintiff asked Defendants to list all the legal actions <u>they were referring to</u> when they stated, in the 2001 Transfer Request Form, that Plaintiff was "a prime consumer of staff time and is involved in numerous legal actions." *See* docket entry #90, Ex. 1. The Court found Defendants' initial response to this interrogatory to be "evasive and inappropriate" because it asserted that Plaintiff was in a better position to know what legal actions he had commenced. *See* docket entries #105, Ex. 3 and #127. Accordingly, the Court ordered Defendants to supplement their Response by specifying what specific legal actions <u>they were referring to</u> in their June 1, 2001 Transfer Request Form. *Id.*

In their October 27, 2006 Supplemental Response, Defendants list, pursuant to a PACER search, ten legal actions Plaintiff "was involved in . . . during the 2000-2001 time frame." *See* docket entry #134. Defendants' Supplemental Response does <u>not</u> comply with of the Court's September 29, 2006 Order. The Court required Defendants to identify the specific lawsuits they were <u>actually aware of and were referring to</u> when they prepared the 2001 Transfer Request Form. Defense counsel cannot obtain this information merely by performing a search on PACER. Instead, defense counsel must correct the Supplemental Response to Interrogatory 7 by: (1) talking to the

drafters of the 2001 Transfer Request Form; (2) determining what "legal actions" they were actually aware of and referring to when they wrote the 2001 Transfer Request Form; and (3) providing Plaintiff with a list of those specific legal actions.

**C.      Request for Production 13**

In the September 29, 2006 Order, the Court ruled that:

> Defendants' response to this request for production is unresponsive and evasive because it does not specify which documents in Plaintiff's central file <u>Defendants relied upon</u> when preparing the 2001 Transfer Request Form. Thus, Defendants must identify and provide Plaintiff with copies of all documents in Plaintiff's central file that they relied upon as the basis for preparing the 2001 Transfer Request Form.

*See* docket entry #127 at 8 (emphasis in the original).

In their October 27, 2006 Supplemental Response, Defendants state:

> . . . defendants are unaware of any e-mails or other documents related to Plaintiff's 2001 transfer, which are <u>not located</u> in his central file. The only other possible source would be the numerous request for legal materials and requests for access to the law library provided earlier. As previously noted, Plaintiff did not have a recorded history of insolence towards staff regarding access to the law library.

*See* docket entry #134 at 7 (emphasis added).

Defendants' Supplemental Response does <u>not</u> comply with the Court's September 29, 2006 Order, which required them to "identify" all documents "<u>in his central file that they relied upon as a basis for preparing the 2001 Transfer Request Form</u>." *See* docket entry #127 at 8. As with Interrogatory 7, the relevant materials are the specific documents the drafters were <u>actually aware of and were referring to</u> when they prepared the 2001 Transfer Request Form. Thus, defense counsel must correct the Supplemental Response to Request for Production 13 by: (1) talking with the drafters of the 2001 Transfer Request Form; (2) determining what specific documents they were actually aware of and relied upon when drafting the 2001 Transfer Request Form; and (3) providing

3

Plaintiff with a list of those documents, <u>and</u> copies of those documents if they have not been previously provided to Plaintiff.

**D.     Request for Supplementation of Medical Records**

Finally, Plaintiff asserts that Defendants are failing to provide him with access to the medical records that were generated after Defendants initially disclosed Plaintiff's medical records to him on an unspecified date. *See* docket entries #137. Specifically, Plaintiff states his recent medical records (including a recent MRI and further unspecified examinations of his ruptured bicep tendon) might be relevant to the contested issues in this case. *Id.* Defendants are reminded that they have an ongoing duty to supplemental their discovery responses as additional responsive or corrective information is acquired. *See* Fed. R. Civ. P. 26(e)(2). Thus, Defendants shall <u>immediately</u> provide Plaintiff with either access to or copies of his recent medical records.

## II.     Plaintiff's Motion to Require Defendants to Correct
## Their Supplement Response to Plaintiff's Request for Admissions

In this Motion, Plaintiff asserts that Defendants' Supplemental Response to Request for Admission 25 is factually incorrect.[2] *See* docket entry #139. Plaintiff may challenge the factual accuracy of Defendants' assertions in his Response to the Motion for Summary Judgment and, if necessary, at trial. Accordingly, the Court finds no merit to Plaintiff's request for correction.

## III.     Plaintiff's Motion to Compel Defendants to Supplement Their Response
## to Plaintiff's <u>Second</u> Set of Interrogatories and Request for Production

On February 9, 2006 the Court entered an Order giving the parties ninety days to complete discovery. *See* docket entry #74. Accordingly, all discovery requests should have been sent to the opposing party on or before May 10, 2006. On June 8, 2006, which was well beyond the discovery

---

[2] Specifically, Defendants denied that there is any BOP code providing that inmates should be returned to their parent institution upon completion of a program. *See* docket entry #135.

cut-off, Plaintiff sent Defendants a Second Set of Interrogatories, which included only two questions. *See* docket entry #143, Ex. 3. Defendants responded to Plaintiff's Second Set of Interrogatories on July 7, 2006. *Id.*, Ex. 4.

On November 17, 2006, Plaintiff filed a Motion asking the Court to compel Defendants to supplement their Responses to his Second Set of Interrogatories. *See* docket entry #143. Plaintiff's Motion is denied because: (1) his Second Set of Interrogatories were propounded after the discovery deadline; (2) Plaintiff did not obtain an extension of time to file a second set of discovery requests; and (3) Defendants' Responses are adequate.

### IV. Plaintiff's Motion for an Extension of Time to File His Response to Defendants' Motion for Summary Judgment

In the September 29, 2006 Order, the Court gave Plaintiff until December 27, 2006 to file a Response to Defendants' Motion for Summary Judgment. *See* docket entry #127. In the current Motion, Plaintiff states that he will need additional time to prepare his Response so that he may review the medical records and other information Defendants are required to provide him pursuant to this Order. *See* docket entry #142. The Court finds good cause for granting Plaintiff's Motion. Accordingly, Plaintiff will have until January 15, 2007, to file his Response to Defendants' Motion for Summary Judgment.

### V. Conclusion

IT IS THEREFORE ORDERED THAT:

1. The Clerk is instructed to redocket: (a) docket entry #137 as Plaintiff's Motion to Require Defendants to Correct their Supplemental Response to Plaintiff's Interrogatories and Request for Production; (b) docket entry #138 as Plaintiff's Second Motion to Require Defendants to Correct their Supplemental Response to Plaintiff's Interrogatories and Request for Production;

and (c) docket entry #139 as Plaintiff's Motion to Require Defendants to Correct their Supplemental Response to Plaintiff's Request for Admissions.

  2. Plaintiff's Motion and Second Motion to Require Defendants to Correct their Supplemental Response to Plaintiff's Interrogatories and Request for Production (docket entries #137 and #138) are GRANTED IN PART, and DENIED IN PART.

  3. Defendants shall file[3] a Second Supplemental Response to Plaintiff's Interrogatory 7 and Request for Production 13, as specified in this Order, **on or before December 13, 2006.**

  4. Defendants must **immediately** provide Plaintiff with access to or copies of his recent medical records.

  5. Plaintiff's Motion to Require Defendants to Correct their Supplemental Response to Plaintiff's Request for Admissions (docket entry #139) is DENIED.

  6. Plaintiff's Motion to Compel Defendants to Supplement Their Responses to His Second Set of Interrogatories (docket entry #143) is DENIED.

  7. Plaintiff's Motion for An Extension of Time to File his Response to Defendants' Motion for Summary Judgment (docket entry #142) is GRANTED.

  8. Plaintiff shall file his Response to Defendants' Motion for Summary Judgment **on or before January 15, 2007**.

  9. Plaintiff is reminded that his failure to timely and properly file his Response, as specified in the instructions set forth in this Order and the Court's September 29, 2006 Order (docket entry #127) will result in: (a) his case being dismissed, without prejudice, pursuant to Local Rule

---

[3] Usually, discovery responses are not filed with the Court and, instead, are mailed directly to the opposing counsel, along with a certificate of service. *See* Fed. R. Civ. P. 5(d). However, the Court hereby instructs Defendants to FILE their Second Supplemental Responses WITH THE CLERK so that it can determine whether they have timely and properly complied with this Order.

5.5(c)(2); and/or (b) all of the facts set forth in Defendants' summary judgment papers being deemed admitted by Plaintiff, pursuant to Local Rule 56.1(c).

Dated this 22nd day of November, 2006.

_____
UNITED STATES MAGISTRATE JUDGE